CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

APR 27 2006

JOHN F. CORCORAN, CLERK
BY: H. McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES FLETCHER,<br>    Plaintiff, | Civil Action No. 7:06-cv-00220 |
| v. | **MEMORANDUM OPINION** |
| M.J. WYATT, et al.,<br>    Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff Charles Fletcher, # 307692, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Fletcher alleges that although he returned a television purchased through the prison commissary system on March 24, 2006, he has not yet received his refund. Fletcher seeks $ 61.38 in damages, representing the cost of the television minus restocking fees. Upon review of the record, I conclude that the plaintiff's claims are frivolous and that he has not stated a claim upon which relief can be granted and, therefore, dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

## I.

Fletcher alleges that an institutional flyer stated that a flat screen television was available for purchase through the prison commissary at a cost of $ 65.38. Fletcher purchased the television; however, the television he received was not a flat screen model. Accordingly, Fletcher demanded a replacement with a flat screen model or a refund of his purchase price. In response to his complaints, Fletcher was told that before purchasing the television, all prisoners were informed that the model available was not a flat screen television. Thus, replacement with a flat screen model was not an option. However, Fletcher was informed that he could return the

television and get a refund of his purchase price, minus a $4.00 restocking fee. Fletcher admits that he agreed to return the television and receive a refund and that television was picked up on March 24, 2006, but claims that he has not yet received a refund.

## II.

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is frivolous, malicious, or if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988).

Fletcher alleges that defendant M.J. Wyatt, the prison commissary supervisor, falsely advertised a television available for purchase through the prison commissary. He further claims that when he purchased the television he immediate noticed the difference between the advertised television and the one he received, complained of the differences, and Wyatt agreed to refund the purchase price minus a restocking fee. However, Wyatt has not refunded any of the purchase price, even though he "took" back the television. Accordingly, Fletcher argues that Wyatt is liable for the refund, in the amount of $ 61.38, which has not been credited to his inmate account.

Congress has noted that a litigant "whose filing fees are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious or repetitive lawsuits." Johnson v. Edlow, 37 F.Supp.2d 775, 776 (E.D.Va. 1999) (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)). Accordingly, the district courts has been afforded "wide latitude" to dismiss those claims which have no bearing in law or fact or those complaints in

which any alleged damages are de minimis. See Nagy v. FMC Butner, 376 F.3d 252, 257 (4th Cir. 2004), cer't denied, 125 S.Ct. 1823 (2005); Neitzke v. Williams, 490 U.S. 319, 324 (1989); Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

In Nagy, the plaintiff sought damages in the amount of $ 25.00 for a sweat suit lost in the prison laundry. Finding that there was no indication that the prison had a policy or habit of losing inmates' clothing, as this was a one time an incident, and as Nagy only alleged a $ 25.00 loss, the court dismissed his suit as frivolous pursuant to §1915(e)(2)(B). Similarly, Fletcher now seeks minimal damages, $ 61.38, for a one time loss of personal property. Fletcher alleges only that he has not yet received his refund for a television which he purchased through the prison commissary and which was returned on or about March 24, 2006. However, Fletcher does not assert that the prison has a general policy of refusing to issue refunds on returned items, nor does he assert that the prison has refused to issue a refund on merchandise he has previously returned. Further, Fletcher has not presented any claims for declaratory or injunctive relief. Accordingly, given the totality of the circumstances, I find the instant claims are frivolous.

Moreover, even if Fletcher alleged that Wyatt intentionally deprived him of a more substantial amount of money or property, such a claim does not raise an issue of constitutional magnitude. The intentional or negligent deprivation of personal property, including money, by a prison employee acting outside the scope of official policy or custom does not rise to the level of a constitutional violation, so long as the state provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981). Given that the conduct is unauthorized, it would be impracticable for the state to provide a pre-deprivation hearing or other process. Hudson, 468 U.S. 517 (1984). Therefore, an adequate post-deprivation

3

remedy, such as a prison grievance procedure or a state tort claim, suffices. Id. Fletcher does not allege that Wyatt is following prison policy in refusing to issue a prompt refund. Further, Fletcher could utilize established Division Operating Procedures, the institutional grievance procedure, and other state law remedies, including the Virginia Tort Claims Act, to seek compensation for his alleged loss. See Wadhams v. Procunier, 772 F.2d 75 (4th Cir. 1985); Ballance v. Young, 130 F.Supp.2d 762, 767 (W.D. Va. 2000). Accordingly, inasmuch as Fletcher had adequate state remedies to recover any money he believes is being improperly retained, I find that he has failed to state a cognizable constitutional claim.

### III.

Because I find that plaintiff cannot go forward on any of his federal claims, I decline to exercise supplemental jurisdiction over Fletcher's claims of false advertising under Va. Code § 18.2-216. See 28 U.S.C. 1367(c).

### IV.

Based on the foregoing, I find that Fletcher's complaint is frivolous and fails to state a claim on which relief may be granted. Therefore, I dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Fletcher is hereby advised that this dismissal constitutes a second "strike" under 28 U.S.C. § 1915(g).[1]

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

---

[1] See Fletcher v. D. Braxton, et al., 7:02cv001058 (W.D. Va. Oct. 9, 2002).

4

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 27th day of April, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge